UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRICK CAREY REEVES,

    Plaintiff,

v.

COMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 15-12777
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [25], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [23], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]**

Plaintiff Darrick Carey Reeves suffers from anxiety, depression, and a history of substance abuse. He sought social security disability insurance benefits and supplemental security income. In March 2014, after an Appeals Council order remanding from a prior administrative law judge's May 2012 decision, an ALJ acting on behalf of Defendant Commissioner of Social Security concluded that Reeves was not disabled within the meaning of the Social Security Act. Reeves appealed here. His motion for summary judgment (R. 15) and the Commissioner's motion for summary judgment (Dkt. 23) were referred to Executive Magistrate Judge R. Steven Whalen, who recommends that the Court affirm the ALJ's disability determination. Reeves objects.

Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Reeves has objected, *see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.

Reeves' sole objection repeats the argument he made in his summary-judgment motion. He claims that the ALJ's finding was not only erroneous but was the same erroneous finding that a prior ALJ made before the Appeals Council's remand. (R. 26, PID 2.) The Court agrees with the magistrate judge's conclusion that this argument has no merit.

While each ALJ found that Reeves had "moderate" difficulties with "concentration, persistence, or pace," (R. 13–3, PID 147, Tr. 111; R. 13–2, PID 50, Tr. 15), they did not make the same RFC findings. Nor did they base their findings on the same reasoning or information. Importantly, at his hearing prior to the March 2014 ALJ decision, Reeves amended his onset date to a date after the prior May 2012 ALJ decision. (R. 13–2, PID 46, Tr. 11.)

In the May 2012 decision, the ALJ concluded that Reeves was not disabled and found that Reeves had the residual functional capacity to perform work with limitations including "simple, routine, and repetitive tasks in a low stress environment." (R. 13–3, PID 147, Tr. 111.) The Appeals Council ordered a remand, concluding that the mental RFC "may not adequately account for [Reeves'] moderate limitations in concentration, persistence, or pace" and that the phrase "low stress environment" is "unclear and is not a function-by-function analysis of the claimant's capabilities." (R. 13–3, PID 159, Tr. 123.)

On remand, by March 2014, a new ALJ had new information. Specifically, at step three, the ALJ found that Reeves had moderate difficulties with concentration, persistence, and pace based on a 2014 consultative mental status examination by Dr. Thomas Horner—something that came after the first ALJ decision. (R. 13–2, PID 50.) The ALJ noted that Dr. Horner found Reeves to have "<u>moderate</u> limitations in his ability to focus and sustain attention to relevant and customary occupational tasks." (R. 13–2, PID 50 (emphasis in original).) But that was not the end of the story. The ALJ went on to discuss that Reeves nonetheless "demonstrated adequate

2

contact with reality with no hallucinatory, delusional or persecutory ideation or activity" during his consultative examination and that Reeves' "abstract thinking was intact and his attention and concentration was focused and sustained during the interview." (*Id.*) The ALJ thus noted that "[m]oderate limitations in concentration, persistence and pace result in a restriction to simple, routine repetitive tasks." (*Id.*) But the ALJ added further restrictions in his ultimate RFC determination, specifying limitations including "simple, routine, repetitive tasks involving little judgment and can be learned in a short period of time; no production line work." (R. 13–2, PID 50–51, Tr. 15–16.) And he omitted the "low stress environment" modifier that the Appeals Council found objectionable in the prior ALJ's RFC determination.

Thus, Reeves' assertion that "the ALJ on remand rendered precisely the same finding that led to the remand in the first place" is simply incorrect. (*See* R. 26, PID 693.)

Reeves' only specific reference to any supposed error in the report and recommendation is his contention that the magistrate judge failed to recognize the difference between the ability to learn a job and the ability to stay on task. *See Estep v. Comm'r of Soc. Sec.*, No. 15-CV-10329, 2016 WL 1242360, at *7 (E.D. Mich. Mar. 30, 2016) ("Where a claimant has moderate difficulties with concentration, an RFC assessment that finds the claimant capable of completing simple, unskilled routine work will generally not be supported by substantial evidence . . . because such a limitation deals with the level of sophistication or intensity of the work that can be done and does not address the frequency of how often the person can concentrate." (internal quotation marks and citations omitted)); *but see White v. Comm'r of Soc. Sec.*, No. 12-CV-12833, 2013 WL 4414727, at *27 (E.D. Mich. Aug. 14, 2013) (noting that "[o]ther decisions have recognized that limiting a claimant to 'unskilled' work or 'simple, routine' tasks may be sufficient to account for the claimant's 'moderate' limitations in CPP because at least some

claimants with those limitations can stay on task and keep pace when the work is simple." (citations omitted)).

But this distinction does not appear to have been lost on the magistrate judge. The magistrate judge pointed out that the ALJ "accounted for [Reeves'] moderate limitations in pace by precluding all production line work"—something obviously relevant to Reeves' ability to remain on task. (R. 25, PID 686.) The magistrate judge also observed that aside from one source that the ALJ permissibly rejected, "the record does not support the conclusion that Plaintiff would be unable to stay on task to the extent required to perform unskilled work." (R. 25, PID 687.) Reeves points to no evidence to rebut that conclusion. And the Court agrees with the magistrate judge that substantial evidence supports the ALJ's finding that Reeves can perform work with the limitations described in the RFC. (R. 25, PID 687.) Accordingly, Reeves' objection is overruled.

For the reasons stated, having reviewed the report and recommendation (R. 25) and Reeves' objections (R. 26), the Court will ADOPT the report, DENY Reeves' motion for summary judgment (R. 15), GRANT the Commissioner's motion for summary judgment (R. 23), and affirm the disability determination of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). A separate judgment will issue.

**SO ORDERED.**

                                         s/Laurie J. Michelson
                                         LAURIE J. MICHELSON
Dated: September 29, 2016          U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2016.

                                              s/Keisha Jackson
                                              Case Manager